ELLEN F. ROSENBLUM
Attorney General
ROBERT E. SULLIVAN  #983539
Senior Assistant Attorney General
NATHANIEL AGGREY #172283
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Robert.Sullivan@doj.state.or.us
            Nathaniel.Aggrey@doj.state.or.us

Attorneys for Defendants Oregon Department of Corrections, Oregon State Board Of Nursing, Coffey, Davis, Digiulio, Kelly, Magee, Mccrae, Peters, Poole; Premo and Ridderbusch

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DENNIS GINES,<br><br>        Plaintiff,<br><br>       v.<br><br>OREGON DEPARTMENT OF CORRECTIONS (ODOC), a political subdivision in charge of the Oregon State Penitentiary (OSP); COLETTE PETERS, Director, ODOC; C. DIGIULIO, Medical Administrator, ODOC; BRANDON KELLY, Superintendent, OSP; JEFF PREMO, Superintendent, OSP; KEITH DAVIS, OSP Food Services Manager; RICHARD RIDDERBUSCH, OSP Assistant Food Services Manager; CARRIE COFFEY, OSP Health Services Manager; JULIE McCRAE, OSP Health Services Nurse; BRENDA MAGEE, OSP Health Services Nurse Manager; OREGON STATE BOARD OF NURSING (OSBN) a political subdivision of the executive branch of the State of Oregon; ROBERTA POOLE, OSBN Complaint Intake Coordinator,<br><br>        Defendants. | Case No.  6:17-cv-00841-SI<br><br>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

Page 1 -   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
        RS/cbh/9142065-v1

## CERTIFICATE OF CONFERRAL

Pursuant to L.R. 7-1(a)(1)(C), counsel for Defendants certifies that Plaintiff is not represented by counsel, and presently is in the custody of the Oregon Department of Corrections ("ODOC"), and is incarcerated at the Oregon State Penitentiary ("OSP") located in Salem, Oregon. Accordingly, the parties are unable to resolve this dispute without Court involvement.

## MOTION

Pursuant to Fed. R. Civ. P. 56(a), Defendants move for summary judgment on all claims in Plaintiff's civil rights Amended Complaint. In the complaint, Plaintiff alleges that the institution's denial of work boots resulted in a burn injury to his feet. He also alleges denial of adequate medical care to treat the injury and abuse by a nurse during a treatment procedure. Plaintiff makes a claim for cruel and unusual punishment under 42 U.S.C. Sec. 1983 and various state law negligence claims based on the alleged violations. For relief, he seeks monetary damages in excess of seven million dollars.

Contrary to the allegations, a review of Plaintiff's ODOC medical records fails to show that he was denied medical treatment for his injury. Relatedly, an investigation into the abuse allegation failed to show any wrongdoing on the part of the nurse. Furthermore, a review of institutional records shows that the refusal to give Plaintiff work boots was a policy decision based on a systemic review of safety conditions for food services workers at OSP.

Accordingly, the Court should grant summary judgment because: (1) Plaintiff's claim against the Defendants in their official capacity is barred by the Eleventh Amendment; (2) Defendants are entitled to qualified immunity because Plaintiff' cannot establish a violation of his constitutional rights; and (3) Plaintiff failed to provide timely tort claim notice on the pendant state law negligence claims.

This motion is supported by the legal arguments and the declarations of ODOC Medical Director Dr. Christopher DiGiulio, Michael Yoder, Assistant Superintendent of OSP, and Nathaniel Aggrey, Assistant Attorney General, along with the attached exhibits.

Page 2 -   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
          RS/cbh/9142065-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

# INTRODUCTION

Plaintiff alleges that in May 2015, he suffered a burn injury to his feet while working in the kitchen at OSP. Plaintiff states that the injury occurred when another inmate worker spilled hot water in the kitchen area. (*See* Amnd. Compl. p. 5). Plaintiff alleges that prior to his injury, he requested and was denied work boots. (*Id.*). Plaintiff further alleges that he was denied medical treatment for the injury, and that on June 10, 2015, as retaliation for disputing his scheduled sick call time, medical staff Nurse Julie McCrae changed the bandage on his injury in an abusive manner. (*Id.* at 7).

Contrary to the allegations in the complaint, the evidence before the Court fails to show that Plaintiff was denied medical treatment for his feet after his injury. Relatedly, an investigation into the abuse allegations failed to show any wrongdoing on the part of Nurse McCrae. There was no evidence to suggest that she had retaliatory motive to abuse Plaintiff, there was no evidence to show that there was intentional mistreatment, and her conduct was found in accordance with applicable rules. Moreover, a review of institutional records shows that the refusal to issue Plaintiff work boots was a policy decision based a review of the safety conditions and the lack of reported incidents of injury for foodservices workers at OSP.

# FACTUAL BACKGROUND

## I.    Summary of facts related to Plaintiff's injury.

On May 30, 2015, Plaintiff reported to medical services that "I poured boiling water on both my feet at the kitchen". *See* DiGiulio Decl., ¶ 5. The treating nurse noted redness around a "½ dollar size blister on the top of Gines' left foot".[1] The nurse noted that no other blisters or marks were observed on the left foot or on the right foot. *Id.* During the visit, the nurse cleansed the site of the blister, applied cream, gauze, and applied a stretch bandage as treatment. *Id.* at ¶ 6. Plaintiff denied any medical treatment for the right foot. *Id.* At the end of the appointment, Plaintiff was instructed to follow up as needed for further treatment and changing of his bandage.

---

[1] *See* exhibit 3, p. 261.

Page 3 -   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
         RS/cbh/9142065-v1
                              Department of Justice
                              1162 Court Street NE
                              Salem, OR 97301-4096
                              (503) 947-4700 / Fax: (503) 947-4791

He subsequently underwent 21 days of burn treatment at the institution. *See* DiGiulio Decl., ¶¶ 5-10 (discussing medical care for Plaintiff's burn injury). After a review of Plaintiff's medical records, Dr. DiGiulio concluded that Plaintiff's burn injury was not extensive. He was treated by the facility's Health Services and did not require outside medical attention. *Id.* at ¶ 15.

Regarding the abuse allegation, Plaintiff filed a grievance against Nurse McCrae after the incident occurred. *See* DiGiulio Decl. ¶ 12. After an investigation, former ODOC Medical Director Dr. Steve Shelton found no wrongdoing on the part of Nurse McCrae. *Id.* Regarding the scheduling dispute, Dr. Shelton's response to Plaintiff noted that Nurse McCrae was correct in making sure Plaintiff was scheduled for his sick call times in accordance with ODOC policy.[2] Dr. Shelton also found no evidence to suggest that Nurse McCrae had retaliatory motive to abuse Plaintiff, there was no evidence to show that there was intentional mistreatment, and her conduct was found in accordance with applicable rules. *Id.*

Furthermore, in a response to a complaint that Plaintiff filed with the Oregon Nursing Board (ONB), based on his allegations against Nurse McCrae, the ONB conducted its own investigation. The ONB did not find any negligence or wrongdoing, noting that proper protocols were followed by staff. *Id.* at ¶ 14.

**II.    Summary of facts related to denial of boots and kitchen safety conditions.**

On June 16, 2015, Plaintiff filed a grievance with the institution stating that his feet were burned after another inmate spilled hot water in the kitchen. *See* Yoder Decl. ¶ 5. Based on a review of institutional records, this appears to be the first instance where Plaintiff requested work boots. In any event, OSP has developed a list of inmate work assignments that require boots to be issued, general foodservices workers are not on that list. *Id.* at ¶ 6. The reasoning behind the policy is based on a systematic review of safety conditions of foodservices workers at OSP.

Regarding safety conditions in the kitchen, all safety concerns raised by inmates are evaluated by the management team at OSP. *Id.* at ¶ 7. Accidents that occur in the kitchen are

---

[2] *See* exhibit 4, p. 1.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

reviewed by the Institution's Safety Committee to evaluate any systemic issues that need to be addressed. *Id.* at ¶ 8.  In this case, OSP conducted an internal review of Plaintiff's work boots grievance with the Department Safety Manager and the Institution Safety Committee. *Id.* Based on the lack of reported incidents of injury, the Committee decided against issuing work boots to Plaintiff.

## LEGAL ARGUMENTS

### I.   Summary Judgment Standard.

A grant of summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in the light most favorable to the nonmoving party, drawing in his favor all reasonable inferences from the facts. *T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987). The moving party bears the initial burden of informing the court of the basis of its motion and providing evidence that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If that burden is met, the nonmoving party must "present significant probative evidence tending to support its claim or defense." *Intel Corp. v. Hartford Acc. & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). The nonmoving party fails to meet its burden if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

In this case, the evidence before the Court shows that there is no genuine dispute as to any material facts. The Court should grant summary judgment and dismiss the complaint with prejudice because:  (1) the suit against the Defendants in their official capacity is barred by the Eleventh Amendment; (2) to the extent Plaintiff alleges that Defendants, in their individual capacities, caused him harm, Defendants are entitled to qualified immunity; and (3) the pendant state law claims alleging intentional infliction of emotional distress, medical malpractice, strict

Page 5 -    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
            RS/cbh/9142065-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

liability, and negligence fail as a matter of law because Plaintiff failed to provide timely notice of tort claim.

## II.     The suit against the Defendants is barred by the Eleventh Amendment.

Before the Court reaches the merits of the case, the Amended Complaint should be dismissed to the extent that the claims are against the Defendants in their official capacity. The Supreme Court has held that, absent a waiver by the State or a valid congressional override, the Eleventh Amendment bars a damages action against a state in federal court. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). This bar remains in effect when state officials or agencies are sued for damages in their official capacity. *Kentucky v. Graham*, 473 U.S. 159, 160 (1985). That is so because "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents…" *Brandon v. Holt*, 469 U.S. 464, 471 (1985). *See also Will v. Michigan Department of State Police*, 491 U.S. 58 (1989) (holding that states, state agencies, and state officials sued officially are not "persons" subject to suit under Section 1983).

In this case, Plaintiff has sued "all defendants in their official and personal capacities…" (Compl. p. 2). The state has not waived its immunity from this suit and Plaintiff seeks monetary damages in excess of seven million dollars. Therefore, the allegations and any related damages claim against the Defendants in their official capacity are barred by the Eleventh Amendment.

## III.    To the extent Plaintiff claims that Defendants, in their individual capacities, caused him harm, Defendants are entitled to qualified immunity.

Qualified immunity shields government officials from liability for damages when they make decisions that, even if constitutionally deficient, reasonably misapprehend the law governing the circumstances they confronted. *Brosseau v. Haugen*, 543 U.S. 194, 202 (2004). An official should be denied qualified immunity only when "[t]he contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Qualified immunity is immunity from

Page 6 -   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
           RS/cbh/9142065-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

suit, not merely a defense to liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Like absolute immunity, qualified immunity is effectively lost if a case is erroneously permitted to go to trial. *Id.* Consequently, the Court has repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991); *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

To determine whether an individual is entitled to qualified immunity, the first relevant inquiry is: did the official violate the plaintiff's constitutional rights? *Saucier*, 533 U.S. at 201. The second relevant question is: was the law governing that right clearly established? *Id.* "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. Although courts may apply these questions in order, courts have the discretion to determine "whether that procedure is worthwhile." *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 812 (2009). Courts may end the inquiry if either question is answered affirmatively. *Id.*

In this case, Defendants are entitled to qualified immunity because: (1) Plaintiff received adequate medical care to treat his injury; (2) the denial of work boots did not violate Plaintiff's constitutional rights, and relatedly, Plaintiff does not have a clearly established constitutional right to receive work boots; and (3) Nurse McCrae did not use excessive force as retaliation in violation of the Eighth Amendment, and assuming any force was used during the bandage-change incident, the force was not more than *de minimis.*

### A.    Plaintiff received adequate medical care to treat his injury.

#### 1.    Standard for deliberate indifference claims.

To succeed on an Eighth Amendment claim for inadequate medical care, a plaintiff must demonstrate that defendants showed "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976). Deliberate indifference is a "high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). The plaintiff

Page 7 -    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
         RS/cbh/9142065-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

must show that he was confined under conditions posing a risk of objectively serious harm and that the officials had a sufficiently culpable state of mind in denying the proper medical care. *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002).

An Eighth Amendment violation occurs only when two requirements are met. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S. Ct. 1970, 1977(1994). First, the alleged deprivation must be "sufficiently serious" from an objective viewpoint. *Id.* "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 1000 (1992).[3] Second, the plaintiff must show that, subjectively, the official acted with a culpable state of mind. *Id.* Moreover, mere difference of medical opinion does not establish deliberate indifference. *Clement*, 298 F.3d at 904.

In this case, Plaintiff fails to meet the objective and subjective requirements for deliberate indifference.

### 2. The alleged deprivation was not "sufficiently serious" from an objective viewpoint.

In this case, the deprivation that Plaintiff alleges was not "sufficiently serious" from an objective viewpoint. The Ninth Circuit has held that a serious medical need is present whenever the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003).

Here, after Plaintiff reported that he poured hot water on his feet, the treating nurse only noted a blister on Plaintiff's left foot. No other blisters or marks were observed on the left foot or on the right foot and Plaintiff denied any medical treatment for the right foot. Additionally, there was no failure on the part of Defendants to treat Plaintiff's injury. Plaintiff underwent 21 days of burn treatment at the institution and he did not require outside medical attention. Moreover, due

Page 8 -   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
           RS/cbh/9142065-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

to the medical care he received, the records fail to show further injury resulting from the burn. Therefore, the alleged deprivation was not sufficiently serious from an objective viewpoint.

> **3.  Plaintiff cannot meet the subjective element because Defendants' act of repeatedly treating the injury negates the culpable mental state requirement.**

The subjective element is satisfied by showing: (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need; and (2) harm caused by the indifference. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Id.* In the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." *Estelle*, 429 U.S. 97, 105–06, 97 S. Ct. 285. Mere negligence is insufficient to impose liability. *Clement*, 298 F.3d at 904.

In *Estelle*, an inmate alleged that a corrections physician was negligent in diagnosing and treating his back pain. 429 U.S. 105–06, 97 S. Ct. 285. The Court found that the allegations did not state a valid Eighth Amendment claim because the inmate was treated by the physician on numerous occasions within a [short] time period. *Estelle,* 429 U.S. at 108, 97 S. Ct. 285.

In this case, Plaintiff must not only show that his condition was serious; he must also show that he was deprived of adequate and necessary treatment for that condition. Similar to the Court's holding in *Estelle*, Plaintiff cannot carry this burden. He cannot show purposeful failure to respond to his medical needs because the evidence undisputedly shows that he was provided immediate care and follow up to treat his injury. For example, during a medical visit on June 16, 2015, the wound appeared to be healing well. The nurse also noted that Plaintiff tolerated the treatment well. The site of the wound was again cleansed, and gauze and a stretch bandage were applied. Plaintiff was instructed to follow-up as needed for treatment. Plaintiff cannot show harm absent purposeful failure to respond to his injury. Therefore, he cannot meet the subjective requirement for deliberate indifference.

Page 9 -   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
        RS/cbh/9142065-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

    4.    **To the extent that Plaintiff alleges inadequate medical care in light of evidence to the contrary, such an allegation only shows a difference in the level of care he received, not whether his care was adequate.**

A difference of opinion between the treating physician and prisoner about the course of treatment does not support an Eighth Amendment claim. *Toguchi*, 391 F.3d at 1058. Moreover, to prevail on a claim involving choices between alternative courses of treatment, an inmate must show that the chosen course of treatment was "medically unacceptable under the circumstances" and was chosen "in conscious disregard of an excessive risk to the prisoner's health." *Id*.

In this case, there is no evidence in the record to suggest that Plaintiff's medical diagnosis and treatment decisions were incorrect or unsupported by the information provided to the institution's medical services. Moreover, the evidence fails to show that Plaintiff's course of treatment was chosen in conscious disregard of an excessive risk to his health. Therefore, he cannot show deliberate indifference.

    B.    **The denial of work boots did not violate Plaintiff's constitutional rights, and relatedly, Plaintiff does not have a clearly established constitutional right to receive work boots.**

To determine whether an individual is entitled to qualified immunity, the first relevant inquiry is: did the official violate the plaintiff's constitutional rights? *Saucier*, 533 U.S. at 201. However, the immunity shields officials from liability for damages when they make decisions that, even if constitutionally deficient, reasonably misapprehend the law governing the circumstances they confronted. *Brosseau,* 543 U.S. at 202. The immunity should be denied only when "[t]he contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson*, 483 U.S. at 640. In this case, the evidence fails to show that the decision to deny Plaintiff work boots was constitutionally

Page 10 -  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
        RS/cbh/9142065-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

deficient and relatedly, Plaintiff does not have a clearly established constitutional right to receive work boots.

Or. Admin. R. 291-061 *et seq.*, is the ODOC's policy on the food services program. Under the rule, authority is granted to the Director of the Department of Corrections to establish uniform standards of sanitation and safety in food programs within ODOC. The rule specifies that a complete safety program at any institution must include instruction on the proper use of equipment, cleaning chemicals, fire suppression equipment, knives and their storage, and a floor care program. Or. Admin. R. 291-061-0041(1). Institutions within the ODOC must also comply with the agency's directive on Occupational Safety and Health as well as state and federal regulations. *Id.* at § 0041(2).

In the case, it appears that Plaintiff first sought work boots after he admitted to pouring hot water on his own feet.[4] Nonetheless, his concerns were evaluated by the management team at OSP because kitchen accident reports are reviewed by the institution's Safety Committee to evaluate any systemic issues that need to be addressed. In this case, OSP conducted an internal review of Plaintiff's concerns with the Safety Manager and Safety Committee. Based on the lack of reported incidents of injury, the Committee decided against issuing work boots to Plaintiff, as part of its overarching policy on food services workers.

Simply put, there is no evidence to suggest that the officials at OSP misapprehended the law governing the circumstances of Plaintiff's work boots denial. Relatedly, Plaintiff does not have a clearly established constitutional right to receive work boots. Therefore, Defendants are entitled to qualified immunity.

---

[4] In May 2015 Plaintiff reported his injury; he filed his grievance in June 2015.

Page 11 - DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
RS/cbh/9142065-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

### C. Nurse McCrae did not use excessive force as retaliation in violation of the Eighth Amendment and assuming any force was used, it was not more than *de minimis*.

When prison officials stand accused of using excessive force, the core judicial inquiry is "…whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillan*, 503 U.S. 1, 6-7 (1992); *see also Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. *Whitley*, 475 U.S. at 320-21.

Moreover, an excessive force claim cannot be predicated on a *de minimis* use of force. *DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 1999). Instead, the quantum of force required for a constitutional violation is that which is "repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 10. Additionally, in order to survive a motion for summary judgment, the prisoner must have evidence that "will support a reliable inference of wantonness in the infliction of pain." *Whitley*, 475 U.S. at 322.

In this case, Nurse McCrae did not use excessive force as retaliation in violation of the Eighth Amendment. An investigation into the abuse allegations failed to show any wrongdoing on the part of the nurse. There was no evidence to suggest that she had retaliatory motive to abuse Plaintiff, there was no evidence to show that there was intentional mistreatment, and her conduct was found in accordance with applicable rules. Additionally, an investigation by the Oregon Nursing Board (ONB) found no evidence of negligence or wrongdoing against her or

Page 12 -  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
  RS/cbh/9142065-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

any medical staff. Moreover, her alleged conduct cannot be said to be repugnant to the conscience of mankind. Therefore, Defendants are entitled to qualified immunity.

### IV. Plaintiff failed to provide timely notice of tort claim.

Pursuant to the Oregon Tort Claims Act (OTCA), a plaintiff pursuing an action against the state must provide notice of the claim within 180 days of the alleged loss or injury. ORS 30.275. The OTCA specifies the required content of the notice and provides that for claims against the state or an officer, formal notice must be given. The burden of proving proper and timely notice is on the plaintiff. ORS 30.275(7). The pleading and proof of notice sufficient to satisfy the requirements of the OTCA is a mandatory and a condition precedent to recovery under the OTCA. *Beaver v. Pelett*, 299 Or. 664, 671(1985). Failure to provide timely notice of claim can be fatal to a plaintiff's tort claim against a public body. *Denucci v. Henningsen*, 248 Or. App. 59, 66 (2012).

In this case, Plaintiff filed two tort claim notices based on the allegation of abuse against Nurse McCrae.[5] In the complaint, Plaintiff stated that the abuse occurred on June 10, 2015, (Compl. p. 7). Plaintiff's tort claim notices are dated May 15, 2017, and December 5, 2017.[6] Plaintiff failed to provide notice within 180 days of the alleged abused. Therefore, the pendant state law claims alleging intentional infliction of emotional distress, medical malpractice, strict liability, and negligence fail as a matter of law.

## CONCLUSION

The Court should grant summary judgment and dismiss the Amended Complaint with prejudice because: (1) the suit against the Defendants in their official capacity is barred by the

---

[5] *See* attachments 1 and 2 to Aggrey Decl.

[6] *Id.*

Page 13 - DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
RS/cbh/9142065-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

any medical staff. Moreover, her alleged conduct cannot be said to be repugnant to the conscience of mankind. Therefore, Defendants are entitled to qualified immunity.

### IV. Plaintiff failed to provide timely notice of tort claim.

Pursuant to the Oregon Tort Claims Act (OTCA), a plaintiff pursuing an action against the state must provide notice of the claim within 180 days of the alleged loss or injury. ORS 30.275. The OTCA specifies the required content of the notice and provides that for claims against the state or an officer, formal notice must be given. The burden of proving proper and timely notice is on the plaintiff. ORS 30.275(7). The pleading and proof of notice sufficient to satisfy the requirements of the OTCA is a mandatory and a condition precedent to recovery under the OTCA. *Beaver v. Pelett*, 299 Or. 664, 671(1985). Failure to provide timely notice of claim can be fatal to a plaintiff's tort claim against a public body. *Denucci v. Henningsen*, 248 Or. App. 59, 66 (2012).

In this case, Plaintiff filed two tort claim notices based on the allegation of abuse against Nurse McCrae.[5] In the complaint, Plaintiff stated that the abuse occurred on June 10, 2015, (Compl. p. 7). Plaintiff's tort claim notices are dated May 15, 2017, and December 5, 2017.[6] Plaintiff failed to provide notice within 180 days of the alleged abused. Therefore, the pendant state law claims alleging intentional infliction of emotional distress, medical malpractice, strict liability, and negligence fail as a matter of law.

## CONCLUSION

The Court should grant summary judgment and dismiss the Amended Complaint with prejudice because: (1) the suit against the Defendants in their official capacity is barred by the

---

[5] *See* attachments 1 and 2 to Aggrey Decl.

[6] *Id.*

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Eleventh Amendment; (2) to the extent Plaintiff claims that Defendants, in their individual capacities, caused him harm, Defendants are entitled to qualified immunity; and (3) the state law claims alleging intentional infliction of emotional distress, medical malpractice, strict liability, and negligence fail as a matter of law because Plaintiff failed to provide timely notice of tort claim.

Based on the foregoing reasons, all federal law claims should be dismissed with prejudice; the pendant state law claims should also be dismissed.

DATED September __4__, 2018.

        Respectfully submitted,

        ELLEN F. ROSENBLUM
        Attorney General


        *s/ Nathaniel Aggrey*
        ROBERT E. SULLIVAN #983539
        Senior Assistant Attorney General
        NATHANIEL AGGREY #172283
        Assistant Attorney General
        Trial Attorneys
        Tel (503) 947-4700
        Fax (503) 947-4791
        Robert.Sullivan@doj.state.or.us
        Nathaniel.Aggrey@doj.state.or.us
        Of Attorneys for Defendants

Page 14 -   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
    RS/cbh/9142065-v1
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## CERTIFICATE OF SERVICE

I certify that on September  4 , 2018, I served the foregoing DEFENDANTS' MOTION FOR SUMMARY JUDGMENT upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Dennis Gines | ___ HAND DELIVERY |
| SID #12019691 | _X_ MAIL DELIVERY |
| Oregon State Penitentiary | ___ OVERNIGHT MAIL |
| 2605 State Street | ___ TELECOPY (FAX) |
| Salem, OR  97310-0505 | ___ E-MAIL |
| Plaintiff Pro Se | ___ E-SERVE |

 

              *s/ Nathaniel Aggrey*
            ROBERT E. SULLIVAN #983539
            Senior Assistant Attorney General
            NATHANIEL AGGREY #172283
            Assistant Attorney General
            Trial Attorneys
            Tel (503) 947-4700
            Fax (503) 947-4791
            Robert.Sullivan@doj.state.or.us
            Nathaniel.Aggrey@doj.state.or.us
            Of Attorneys for Defendants Oregon Department of Corrections, Oregon State Board Of Nursing, Coffey, Davis, Digiulio, Kelly, Magee, Mccrae, Peters, Poole; Premo and Ridderbusch

Page 1 -   CERTIFICATE OF SERVICE
    RS/cbh/8391395-v2

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791