ELLEN F. ROSENBLUM
Attorney General
ROBERT E. SULLIVAN  #983539
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Robert.Sullivan@doj.state.or.us

Attorneys for Defendants Oregon Department of Corrections, Oregon State Board Of Nursing, Coffey, Davis, Digiulio, Kelly, Magee, Mccrae, Peters, Poole; Premo and Ridderbusch

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DENNIS GINES,<br><br>    Plaintiff,<br><br>    v.<br><br>OREGON DEPARTMENT OF CORRECTIONS (ODOC), a political subdivision in charge of the Oregon State Penitentiary (OSP); COLETTE PETERS, Director, ODOC; C. DIGIULIO, Medical Administrator, ODOC; BRANDON KELLY, Superintendent, OSP; JEFF PREMO, Superintendent, OSP; KEITH DAVIS, OSP Food Services Manager; RICHARD RIDDERBUSCH, OSP Assistant Food Services Manager; CARRIE COFFEY, OSP Health Services Manager; JULIE McCRAE, OSP Health Services Nurse; BRENDA MAGEE, OSP Health Services Nurse Manager; OREGON STATE BOARD OF NURSING (OSBN) a political subdivision of the executive branch of the State of Oregon; ROBERTA POOLE, OSBN Complaint Intake Coordinator,<br><br>    Defendants. | Case No.  6:17-cv-00841-SI<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DKT. #63); AND REPLY TO PLAINTIFF'S RESPONSE (DKT. #64) |

Page 1 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
            AMENDED COMPLAINT (DKT. #63); AND REPLY TO PLAINTIFF'S RESPONSE
            (DKT. #64)
    RS/cbh/9383021-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

# RESPONSE

Plaintiff has filed a short – effectively 1-page – Response (Dkt. #64) to Defendants' Motion for Summary Judgment (Dkt. # 49); and a Motion for Leave to File a (Second[1]) Amended Complaint (Dkt. #63).  Accordingly, it appears that Plaintiff's motion / proposed (second) Amended Complaint (Dkt. #63) contains his substantive Response to Defendants' Motion for Summary Judgment (#49).  Defendants' Response here should be construed as responding to both filings and, therefore, constituting Defendants' Reply.

Defendants do not object to Plaintiff filing a subsequent "Reply" if he desires, and if it pleases the Court, in support of his Motion for Leave to file a second Amended Complaint (#63). In other words, upon Plaintiff filing a Reply in support of Dkt. #63, Defendants consider both motions – Defendants' Motion for Summary Judgment (#49) and Plaintiff's Motion for leave to amend (#63) to be fully briefed and submitted.

Plaintiff's 29-page Amended Complaint (Dkt. #41), with exhibits – 251 pages.  Plaintiff's new proposed (second) Amended Complaint (Dkt. #63) with exhibits adds another 59 pages. Defendants submit that Plaintiff's proposed amendment should be denied as untimely and because it not a short, plain statement.

In his currently-operative pleading – Amended Complaint (#41) – Plaintiff names the following thirteen (13) Defendants:[2]

>     ODOC, Director **Collette Peters**
>     **Dr. DiGiulio**
>     OSP Superintendent **Brandon Kelly**
>     Former OSP Superintendent **Jeff Premo**
>     OSP Food Manager **Keith Davis**
>     Assistant Manger **Richard Ridderbusch**
>     OSP Medical Services Manager **Carrie Coffey**
>     OSP RN **Julie McCrae**
>     OSP Nurse Manager **Brenden Magee**

---

[1] Dkt. #2 – Complaint; Dkt. #41 – Amended Complaint; Dkt. #63 – (Second) Amended Complaint

[2] Dkt. #41, Amend. Compl., pgs. 2-4.

Page 2 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DKT. #63); AND REPLY TO PLAINTIFF'S RESPONSE (DKT. #64)
RS/cbh/9383021-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

>Oregon State Board of Nursing (OSBN)
>**Roberta Poole**, OSBN Complaint Intake Coordinator

In his proposed (second) Amended Complaint (#63) – Plaintiff seeks to add the following additional defendants:[3]

>Oregon Department of Corrections
>Oregon State Penitentiary
>Director, Oregon State Board of Nursing, **Gavenan Kate Branin**

The addition of Defendants the Oregon Department of Corrections and the Oregon State Penitentiary should be denied because state agencies are immune under the Eleventh Amendment. The addition of Defendant "Gavenan Kate Branin" should be denied under the applicable (2-year) statute of limitations and because Plaintiff does appear to plead facts establishing personal involvement by that proposed defendant. The date of his alleged injury was May 30, 2015 (*Compl.*, Dkt. #2, *Amend. Compl.*, Dkt. #41, *passim*).

In his Complaint (#2) and first Amended Complaint (#41), Plaintiff's principal claim is that on May 30, 2015, he suffered a burn injury to his feet while working in the kitchen at OSP. Plaintiff states that the injury occurred when another inmate worker spilled hot water in the kitchen area. (*See* Amnd. Compl., Dkt. #41, pg. 5). Plaintiff alleges that prior to his injury, he requested and was denied work boots. (*Id.*). Plaintiff further alleges that he was denied medical treatment for the injury, and that on June 10, 2015, as retaliation for disputing his scheduled sick call time, medical staff Nurse Julie McCrae changed the bandage on his injury in an abusive manner. (*Id.* at pg. 7).

It appears that Plaintiff now seeks to add declaratory and/or injunctive relief requiring general food-service workers to be issued work boots. (Dkt. #63, pgs 5-6). In addition, Plaintiff contends that the decision by medical staff to treat him at the prison clinic rather than send him out to a hospital constituted abuse. (Dkt. #63, pgs 6-7).

---

[3] Dkt. #63, (Second) Amend. Compl., pgs. 2-4.

Page 3 -  DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
    AMENDED COMPLAINT (DKT. #63); AND REPLY TO PLAINTIFF'S RESPONSE
    (DKT. #64)
RS/cbh/9383021-v1

Plaintiff's Motion for Leave to File (Second) Amended Complaint should be denied. The matter should be deemed fully briefed and taken under submission.

## II. LEGAL STANDARDS AND DISCUSSION

### A.     Short Plain Statement Requirement

Fed R. Civ. P. Rule 8 requires that a pleading "must contain" a "short and plain statement" of the grounds for jurisdiction and the claim, as well as a demand for relief sought. Fed.R.Civ.P. 8(a). Violations of this Rule warrant dismissal, but there are multiple ways that it can be violated. One well-known type of violation is when a pleading says too little—the baseline threshold of factual and legal allegations required was the central issue in the Iqbal line of cases. See, e.g., *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Rule is also violated, though, when a pleading says too much. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held—and we know of no authority supporting the proposition—that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citing cases); see also *McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").[1] Here, Plaintiff's proposed (second) Amended Complaint (Dkt. #63) would add another approximately 12 pages of pleading and approximately 49 pages of additional exhibits.

### B.     Personal Involvement Required

In claims brought under 42 U.S.C. § 1983, the facts must establish each defendant's personal involvement. "Liability under § 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (citation omitted). A claim for deliberate indifference against a supervisor must be "based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca*, 652

Page 4 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
           AMENDED COMPLAINT (DKT. #63); AND REPLY TO PLAINTIFF'S RESPONSE
           (DKT. #64)
RS/cbh/9383021-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

F.3d 1202, 1207 (9th Cir. 2011).  A plaintiff must demonstrate at least "some culpable action or inaction for which a supervisor may be held liable." *Moss v. U.S. Secret Service*, 675 F.3d 1213 (9th Cir. 2012) (quoting *Larez v. City of L.A.,* 946 F.2d 630, 646 (9th Cir. 1991)).  As relevant here, that includes "culpable action or inaction in training, supervision, or control of subordinates[.]" *Moss*, 675 F.3d at 1231 (quoting *al-Kidd v. Ashcroft,* 580 F.3d 949 (9th Cir. 2009), *overruled on other grounds by al-Kidd,* 131 S.Ct. 2074).[4]  Here, Plaintiff fails to establish the personal involvement of the putative defendant referred to as "Director, Oregon State Board of Nursing, Gavenan Kate Branin."  Accordingly, his Amended Complaint fails to state a claim as to that putative defendant.

### C.  Statute of Limitations 42 U.S.C. § 1983

Because 42 U.S.C. § 1983 has no independent statute of limitations, the limitations period must be borrowed from state law.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  Pursuant to ORS 12.110, Oregon's general tort statute, the statute of limitations for § 1983 claims in Oregon is two years.  Thus, any allegations occurring more than two years prior to plaintiff signing his complaint are barred by the statute of limitations.  *E.g., Sain v. City of Bend*, 309 F.3d 1134 (9th Cir. 2002).

Here, Plaintiff seeks to add an individual he references as "Director, Oregon State Board of Nursing, Gavenan Kate Branin."  Plaintiff's burn injury occurred May 30, 2015.  Plaintiff does not appear to allege facts that, even if assumed true, would establish personal involvement by that person in any actionable injury to the Plaintiff, or to establish a legal basis for tolling of the applicable statute of limitations.  Accordingly, his Motion for leave to Amend to add "Gavenan Kate Branin" as a defendant should be denied.

---

[4] In *Moss*, the Ninth Circuit noted that it is unsettled whether the supervisory liability framework discussed in *al-Kidd* is consistent with *Iqbal* and remains good law.  *Moss*, 675 F.3d 1213, 1231 n. 6 (citing *Al–Kidd,* 598 F.3d at 1141 (O'Scannlain, J., dissenting from denial of rehearing en banc); *Bayer v. Monroe Cnty. Children & Youth Servs.,* 577 F.3d 186, 191 n. 5 (3rd Cir. 2009); *Maldonado v. Fontanes,* 568 F.3d 263, 274 n. 7 (1st Cir. 2009)).
Page 5 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DKT. #63); AND REPLY TO PLAINTIFF'S RESPONSE (DKT. #64)
RS/cbh/9383021-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

D. **Eleventh Amendment Immunity of State Entities**

Under the Eleventh Amendment, federal courts may not entertain a lawsuit brought by a citizen against a state, its agencies, or departments without the state's consent. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). A state waives its sovereign immunity by expressly consenting to be sued in a particular action. *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) ("we will find waiver only where stated by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction"). "Although the State of Oregon has consented to be sued in Oregon courts for the torts committed by its employees, officers, or agents while acting within the course and scope of their employment under the [Oregon Tort Claims Act], it has not consented to be sued in federal courts for those torts." *Blair v. Toran*, 1999 WL 1270802, at *23 (D. Or. Dec. 2, 1999), *affirmed* 12 Fed. Appx. 604 (9th Cir. June 25, 2001). Therefore, plaintiff's state law claim(s) and attempts to name *inter alia* the Oregon State Penitentiary and Department of Corrections (Dkt. #63, at pgs. 2-4) fails, as the State of Oregon and its subordinate divisions are immune from suit in federal court under the Eleventh Amendment.[5]

E. **Inadequate Medical Care (8th / 14th Amendment) 42 U.S.C. § 1983**

We briefly revisit the standard for medical deliberate indifference both in Reply to Plaintiff's Response and to address Plaintiff's claims raised in his proposed (Second) Amended Complaint. In order to prevail on a 42 U.S.C. § 1983 claim that medical treatment has been denied or inadequately rendered, a prisoner must establish that there has been a "deliberate indifference to [his] serious medical needs." *Estell v. Gamble*, 429 U.S. 97, 104 (1976). *Lopez v.*

---

[5] This Court previously found that the Eleventh Amendment barred plaintiff's Federal constitutional claims against ODOC. (Docket #7 at 6). A similar analysis applies to plaintiff's state-law claims, which are properly brought against the State of Oregon.

Page 6 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DKT. #63); AND REPLY TO PLAINTIFF'S RESPONSE (DKT. #64)
RS/cbh/9383021-v1

*Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000); see also, *Clements v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002).

A determination of "deliberate indifference" requires an examination of two elements: 1.) The seriousness of the prisoner's medical needs, and 2.) The nature of the defendant's response. *McGuckin v Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (overruled on other grounds by *WMX Techs., Inc v. Miller*, 104 F.3d 1133 (9th Cir. 1997). To find deliberate indifference, "[**a**] **defendant must purposefully ignore or fail to respond to a petitioner's pain or possible medical need**." Id. at1060.

Whether a medical condition is serious is ordinarily a question left to physicians, *Brownell v. Figel*, 950 F.2d 1285, 1291 (7th Cir. 1991) *Davis v. Jones*, 936 F.2d 971, 992 (7th Cir. 1991), but in general a medical condition is serious if it is life threatening or poses a risk of needless pain or lingering disability if not treated at once. Id., 936 F.2d at 972; see also, *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Medical malpractice, even gross malpractice, does not amount to a violation of the Eighth Amendment, see, *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980). **A dispute between a prisoner and prison officials over the necessity for or extent of medical treatment does not raise a claim under 42 U.S.C. § 1983**. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). "**Rather, to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen `in conscious disregard of an excessive risk to [the prisoner's] health**.'" *Id.*, (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Because courts lack medical expertise, "**where prisoners receive some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgment**." *Miranda v. Munoz*, 770 F.2d 255, 259 (1" Cir.

Page 7 -    DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
            AMENDED COMPLAINT (DKT. #63); AND REPLY TO PLAINTIFF'S RESPONSE
            (DKT. #64)
    RS/cbh/9383021-v1
                            Department of Justice
                            1162 Court Street NE
                            Salem, OR 97301-4096
                    (503) 947-4700 / Fax: (503) 947-4791

1985); *Layne v. Vinzant*, 657 F.2d 468, 474 (1st Cir. 1985); *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9" Cir. 2004).

**Liability may be imposed only where the decision by the medical professional is so objectively unreasonable as to demonstrate that it was not based on professional judgment**. *Parham v. J.R.*, 442 U.S. 584, (1976); *Estate of Conners v. O'Conner*, 846 F.2d 1205, 1209 (9th Cir. 1986), *cert. Denied,* 489 U.S. 1065 (1989).

In the case before the Court, Plaintiff's claims boil down to a disagreement between patient and physician about the choice made by his providers to treat him (his burns) at the prison clinic rather than sending him to a hospital. As a matter of law, such disputes do not state a claim for deliberate indifference.[6] Mr. Gines acknowledges that had access to care and that he received care for his burn. He disagreed with the decision to care for his burns in the prison clinic, but he does not establish that the care he received was medically unacceptable under the circumstances.

Accordingly, the evidence dos not support deliberate indifference on the part of any defendant with respect to Plaintiff's treatment – only that Mr. Gines disagreed with the medical care from the multitude of providers whom he has named as defendants. Plaintiff cannot establish either the objective or subjective components necessary to establish an Eighth Amendment claim. *Clement v. Gomez,* 298 F.3d 898, 904 (9th Cir. 2002). Accordingly, Plaintiff's Complaint should be dismissed.

### F. Failure to State a Claim

As noted above, a pleading must contain a "short and plain statement of the claim showing that the plaintiff is entitled to relief." Fed. R. Civ. P. 8(a)(2). *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009); *Twombly*, 550 U.S. at 555. For a complaint to survive a motion to

---

[6] *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Page 8 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
             AMENDED COMPLAINT (DKT. #63); AND REPLY TO PLAINTIFF'S RESPONSE
             (DKT. #64)
RS/cbh/9383021-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1988). Here, it appears at most that Plaintiff's proposed amended complaint does not state a claim against the putative new Defendants. There is no act alleged to have been taken by the new Defendant (OSP, ODOC, and "Director, Oregon State Board of Nursing, Gavenan Kate Branin."). No nexus of direct action by the proposed additional Defendants, directly affecting Plaintiff.

### G. Qualified Immunity

Qualified immunity shields government officials from liability for damages when they make decisions that, even if constitutionally deficient, reasonably misapprehend the law governing the circumstances they confronted. *Brosseau v. Haugen*, 543 U.S. 194, 202 (2004); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). An official should be denied qualified immunity only when "[t]he contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Qualified immunity is immunity from suit, not merely a defense to liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Like absolute immunity, qualified immunity is effectively lost if a case is erroneously permitted to go to trial. *Id.* Consequently, the Court has repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (*per curiam*); *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Page 9 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
           AMENDED COMPLAINT (DKT. #63); AND REPLY TO PLAINTIFF'S RESPONSE
           (DKT. #64)
   RS/cbh/9383021-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

To determine whether an individual is entitled to qualified immunity, **the first relevant inquiry is: did the official violate the Plaintiff's constitutional rights?** *Saucier*, 533 U.S. at 201. **The second relevant question is: was the law governing that right clearly established?** *Id.* "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. The Court recently explained that although courts *may* apply these questions in order, courts have the discretion to determine "whether that procedure is worthwhile." *Pearson v. Callahan*, 129 S.Ct. 808, 821 (2009). Courts may end the inquiry if either question is answered affirmatively. Here, there is no clearly-established right to hospitalization vs. on-site burn dressings.

Any alleged violation of Oregon state law would *not by itself* constitute a violation or Plaintiff's rights under the U.S. Constitution. Nor would a correct interpretation of state law automatically shield Defendants from an allegation that they were not deliberately indifferent to Plaintiff's condition or that they violated Plaintiff's due process rights. *See Plumb v. Prinslow*, 847 F. Supp. 1509, 1521 (D. Or., 1994) (citing *Alexander v. Perrill*, 916 F.2d 1392, 1397-99 (9th Cir. 1990) ("Whether the inmate was entitled to be released goes to the issue of causation of the injury."). Thus, the issue of Defendant's interpretation Oregon state law, while relevant, is not controlling as to whether Defendants violated Plaintiff's constitutional rights. *See Alexander*, 916 F.2d at 1397.

The individually-named Defendants provided Plaintiff with timely and appropriate health services tailored to his needs. Defendants have not violated any of Plaintiff's "clearly-established constitutional rights." Even if it were assumed for the sake of argument that some minimal encroachment did occur, the Defendants are qualifiedly immune from damages because they reasonably misapprehend the law governing the circumstances they confronted. *Brosseau*, 543 U.S. 194, 202; *Harlow*, 457 U.S. 800.

Page 10 - DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DKT. #63); AND REPLY TO PLAINTIFF'S RESPONSE (DKT. #64)
RS/cbh/9383021-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## CONCLUSION

The Court should grant summary judgment (Dkt. #49) and dismiss the Amended Complaint (Dkt. #41) and proposed second Amended Complaint (Dkt. #63) and with prejudice.

DATED January   28  , 2019.

        Respectfully submitted,

        ELLEN F. ROSENBLUM
        Attorney General

        *s/ Robert E. Sullivan*
        ROBERT E. SULLIVAN #983539
        Senior Assistant Attorney General
        Trial Attorney
        Tel (503) 947-4700
        Fax (503) 947-4791
        Robert.Sullivan@doj.state.or.us
        Of Attorneys for Defendants

Page 11 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DKT. #63); AND REPLY TO PLAINTIFF'S RESPONSE (DKT. #64)
  RS/cbh/9383021-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

# CERTIFICATE OF SERVICE

I certify that on January  28 , 2019, I served the foregoing DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DKT. #63); AND REPLY TO PLAINTIFF'S RESPONSE (DKT. #64) upon the parties hereto by the method indicated below, and addressed to the following:

**DENNIS GINES**  
2206 E. Waterloo Rd.  
Stockton, CA 952582  
    *Plaintiff Pro Se*

    ___ HAND DELIVERY  
    _X_ MAIL DELIVERY  
    ___ OVERNIGHT MAIL  
    ___ TELECOPY (FAX)  
    ___ E-MAIL  
    ___ E-SERVE

    *s/ Robert E. Sullivan*  
ROBERT E. SULLIVAN #983539  
Senior Assistant Attorney General  
Trial Attorney  
Tel (503) 947-4700  
Fax (503) 947-4791  
Robert.Sullivan@doj.state.or.us  
Of Attorneys for Defendants Oregon Department of Corrections, Oregon State Board Of Nursing, Coffey, Davis, Digiulio, Kelly, Magee, Mccrae, Peters, Poole; Premo and Ridderbusch

Page 1 -   CERTIFICATE OF SERVICE  
    RS/cbh/8391395-v3

Department of Justice  
1162 Court Street NE  
Salem, OR 97301-4096  
(503) 947-4700 / Fax: (503) 947-4791